UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| XIAO QING FU, | ) | CASE NO. 3:22-CV-00374 (KAD) |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| VA CONN. HEALTHCARE SYSTEM ET AL.,[1] | ) | MARCH 6, 2023 |
| | ) | |
| *Defendants*. | ) | |

## MEMORANDUM OF DECISION
## RE: DEFENDANT'S MOTION TO DISMISS (ECF NO. 12)

Kari A. Dooley, United States District Judge:

This action arises out of the Plaintiff's termination from her position as an advanced practice registered nurse ("APRN") at the Veterans Affairs ("VA") Hospital in West Haven, Connecticut. Plaintiff, an Asian American woman, alleges that her employment was terminated and she endured a hostile work environment as a result of racial discrimination. Though not cited, the Court construes her claims as brought pursuant to Title VII of the United States Code, 42 U.S.C. § 2000e *et. seq*. Pending before the Court is Defendant's[2] motion to dismiss this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendant asserts that Plaintiff failed to exhaust her administrative remedies prior to commencing this action. Although Plaintiff responded to the motion to dismiss, she does not address the exhaustion argument. For the reasons stated below, the motion is GRANTED.

---

[1] As noted by the Defendant, Denis McDonough, in his capacity as the Secretary of the United States Department of Veterans Affairs, is the proper defendant in this case. The Clerk of the Court is directed to substitute Denis McDonough, Secretary, Department of Veteran Affairs as the named defendant.

[2] Defendants VA CT Healthcare System and Dr. Rose submitted the motion to dismiss jointly. *See* Def. Mot., ECF No. 12, at 1fn.1. "Defendant" in this Order, however, refers to the now substituted Defendant, Mr. McDonough. *See supra*, fn.1.

1

**Allegations**

Plaintiff Xiao Fu was hired as an APRN at the VA Hospital in West Haven, Connecticut on April 1, 2019, at which point she began a two year probationary period. When the probationary period ended, on March 26, 2021, Plaintiff was terminated. She thereafter commenced this litigation by filing a complaint in the Superior Court for the state of Connecticut. The Defendant removed the action to this Court on March 10, 2022. *See* Not. of Rem. ("Compl."), ECF No. 1.

Plaintiff's allegations are somewhat inscrutable, but the Court liberally construes them to assert that she was wrongly terminated from the VA Hospital on account of her race; that she was subject to a hostile work environment; that the VA Hospital is mismanaged; and that her professional reputation has been damaged as a result of the VA Hospital's discriminatory practices.[3] The complaint does not include any allegations regarding any effort to exhaust or even avail herself of her administrative remedies with the VA. *See id.*

**Standard of Review**

To survive a motion to dismiss filed pursuant to Rule 12(b)(6), the "complaint must 'state a claim to relief that is plausible on its face,'" setting forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Kolbasyuk v. Capital Mgmt. Servs., LP*, 918 F.3d 236, 239 (2d Cir. 2019) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).[4] "The assessment of whether a complaint's factual allegations plausibly give rise to an entitlement to relief 'does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a

---

[3] Plaintiff includes many allegations about individual patients for whom she provided care. The purpose for including these case studies is unclear, except perhaps as the backdrop to her hostile work environment claims.

[4] In deciding a motion to dismiss, the Court may also consider documents attached to the complaint, documents incorporated by reference therein, documents relied upon in bringing the action which were in plaintiff's possession or of which plaintiff had knowledge and matters of which judicial notice may be taken. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152–53 (2d Cir. 2002).

reasonable expectation that discovery will reveal evidence of illegal' conduct." *Lynch v. City of New York*, 952 F.3d 67, 75 (2d Cir. 2020) (quoting *Twombly*, 550 U.S. at 556). At this stage "the court's task is to assess the legal feasibility of the complaint; it is not to assess the weight of the evidence that might be offered on either side." *Id.* Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *See Twombly*, 550 U.S. at 555–56. On a motion to dismiss under Rule 12(b)(6), the Court "must accept as true the factual allegations in the complaint and draw all inferences in the plaintiff's favor." *Kinsey v. New York Times Co.*, 991 F.3d 171, 174 (2d Cir. 2021) (quotation marks, alterations, and citation omitted). Legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to a presumption of truth. *Ashcroft*, 556 U.S. at 678.

Because Plaintiff has filed her complaint *pro se*, the Court must construe her filings "liberally" and interpret them to "raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (3d Cir. 2006) (quotation omitted); *see also Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994) (explaining that *pro se* litigants should be afforded "special solicitude" because they are not represented by counsel). Despite this special solicitude, the complaint "must still 'include sufficient factual allegations to meet the standard of facial plausibility' to survive a motion to dismiss under Rule 12(b)(6)." *Anderson v. Williams*, No. 3:15CV1364 (VAB), 2017 WL 855795, at *6 (D. Conn. Mar. 3, 2017) (quoting *Sentementes v. Gen. Elec. Co.*, No; 3:14-CV-00131 (VLB), 2014 WL 2881441, at *2 (D. Conn. June 25, 2014)).

**Discussion**

Title VII is "the exclusive remedy available to federal employees who allege employment discrimination" on the basis of "gender" or "race." *Wilder v. U.S. Dept. of Veterans Affairs,* 175

F. Supp. 3d 82, 88 (S.D.N.Y. 2016) (quoting *Lucenti v. Potter*, 432 F. Supp. 2d 347, 356 (S.D.N.Y.2006)). Title VII contains a waiver of the government's sovereign immunity but that waiver has limiting conditions. *See* 42 U.S.C. §§2000e-16(a)-(c). Before a federal employee can sue his employer in court for discriminating against him in violation of Title VII, he must first exhaust his administrative remedies. 42 U.S.C. § 2000e–16(c). *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002); *Mathirampuzha v. Potter,* 548 F.3d 70, 74 (2d Cir. 2008). The exhaustion requirement, as "a condition of the waiver of sovereign immunity…must be strictly construed." *Lanham v. Shinseki*, 662 F. Supp. 2d 238, 242 (D. Conn. 2009), *aff'd sub nom. Lanham v. Mansfield*, 400 Fed. App'x 609 (2d Cir. 2010). The requirements themselves are set forth in the regulations promulgated by the Equal Employment Opportunity Commission ("EEOC"). *See Green v. Brennan*, 578 U.S. 547, 552–53, 136 S. Ct. 1769, 1775, 195 L. Ed. 2d 44 (2016).

As relevant here, "timely exhaustion of administrative remedies requires that a federal employee comply with applicable EEOC regulations…Under these regulations, a government employee seeking to bring an employment discrimination claim must first seek informal…counseling within his agency, and then file a formal complaint with the agency…Specifically, pursuant to EEOC regulations, prior to filing suit, a federal employee must:

> (1) consult with a counselor at the relevant agency's Equal Employment Office ("EEO") within 45 days of the alleged discriminatory act, and, if the matter is not resolved after a mandatory counseling period, [and]
>
> (2) file a formal written administrative complaint ("EEO complaint") within 15 days of receipt of the EEO counselor's notice of final interview and right to file a formal complaint ("EEO notice").
>
> The employee may then file a civil action (i) within 90 days of notice of a final agency decision on his or her EEO complaint, or (ii) after 180 days from the filing of the EEO complaint if the agency has not yet rendered a decision."

4

*Wilder*, 175 F. Supp. 3d at 88–89 (citations omitted; internal quotation marks omitted). "Only after final agency action may the [employee] appeal to the EEOC or file an action in federal district court." *Id.* at 89; *see also* 29 C.F.R. §§ 1614.105 *et seq.*

"Although *pro se* litigants are usually offered leniency, when it comes to statutory filing deadlines courts have consistently held that even *pro se* plaintiffs must be held to strict compliance" with exhaustion requirements.[5] *Pryor v. Nat'l Grid*, No. 10 Civ. 6507 (PAC) (THK), 2011 WL 3251571, at *2 (S.D.N.Y. July 28, 2011)*; see also, Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1994) (Exhaustion requirements "are not to be disregarded by courts out of a vague sympathy for particular litigants."). Accordingly, "[u]nexhausted claims must be dismissed." *Wilder*, 175 F. Supp. 3d at 89 (collecting cases).

Here, Plaintiff began the exhaustion process by contacting the VA Office of Resolution Management, Diversity & Inclusion by telephone on March 26, 2021, following her termination. She alleged that her termination was the product of age, sex and race discrimination. By correspondence dated April 21, 2021, an EEO counselor sent Plaintiff a "Notice of Rights and Responsibilities" in relation to her March 26, 2021 complaint. She was asked to sign the form and return it to the counselor so that the complaint could move forward. These documents were both mailed and emailed to Plaintiff. She did not sign or return them to the EEO counselor. Also on April 21, 2021, the details of the complaint were forwarded to the VA Hospital, seeking a response to the complaint.

On May 3, 2021, the same EEO counselor sent Plaintiff a "Notice of Right to File a Discrimination Complaint," which included instructions on how to do so. Included with the

---

[5] Failure to properly exhaust administrative remedies may be raised by way of a motion to dismiss under Rule 12(b)(6). *See e.g., Wilder,* 175 F. Supp. 3d at 87.

correspondence was a blank VA Form 4939 titled "Complaint of Employment Discrimination." Plaintiff was advised that if she wished to file a formal complaint, she had 15 days within which to do so. Plaintiff was also advised that if she did not wish to pursue her claims, she did not need to take any further action. The May 3, 2021 correspondence was sent both by regular mail and email. Plaintiff did not file a formal complaint within 15 days (or ever) and the administrative file closed on June 7, 2021. *See* Def. Mot. at 1–2.

As noted, Plaintiff did not respond to Defendant's assertion that she failed to exhaust her administrative remedies. Defendant has established conclusively that she did not, and the complaint is therefore dismissed.

**Conclusion**

All claims against the Defendant are DISMISSED. The Clerk is directed to enter judgment for Defendant and close this case.

**SO ORDERED** this 6th day of March 2023 at Bridgeport, Connecticut.

 /s/ Kari A. Dooley_____
 KARI A. DOOLEY
 UNITED STATES DISTRICT JUDGE